WILLIAM H. S. WOOD *vs.* ELIZABETH C. MASON *et als.*

A testator gave his estate to his wife E. for life, remainder to his children, and then
provided, —

"*Thirdly:* In the event of my wife dying before me and childless, I desire that my es-
tate, real and personal, be equally divided among the children of my respected uncle,
Charles Congdon, and Anna his wife, . . . to their heirs and assigns forever."

The testator died childless; his wife survived him and died childless.

*Held*, that the gift to the children of Charles and Anna Congdon failed, as the double
contingency upon which it was limited did not take place.

*Held*, further, that "or" could not be read for "and" into the third clause of the will.

This failure of the gift to the children of Charles and Anna Congdon left an intestacy
as to the remainder after the widow's life estate.

*Held*, that under Pub. Stat. R. I. cap. 187, § 9, the intestate personalty was to be dis-
tributed one half to the estate of the widow E., and one half to the testator's brothers
and sisters.

BILL IN EQUITY for instructions.

The will of Gilbert A. Congdon, proved before the Probate Court of the city of Providence, February 3, A. D. 1885, is as follows: —

In the name of God, Amen.  I, Gilbert Arnold Congdon, of Providence, Rhode Island, United States of America, at present resident at Florence, Italy, being of sound mind and understanding, do make this my last will and testament: —

*Firstly.*  I give, devise, and bequeath to my beloved wife, Elizabeth·Abbott Congdon, during her natural lifetime, all my estate real and personal, of which I die possessed.

*Secondly.*  If at my death I should leave a child or children, I hereby appoint my wife, Elizabeth Abbott Congdon, sole guardian of said child or children during his, her, or their minority, leaving to her judgment and discretion to make such provision for said child or children, on reaching his, her, or their majority, as she may see fit.  At her death I desire that my estate, real and personal, be left to said child, or equally divided among said children.

*Thirdly.*  In the event of my wife dying before me and childless, I desire that my estate, real and personal, be equally divided among the children of my respected uncle, Charles Congdon, and Anna his wife, of Staten Island, State of New York, and to their heirs and assigns forever.

*Fourthly.*  I give, devise, and bequeath unto my beloved wife, Elizabeth Abbott Congdon, all and every of my household furniture, linen and wearing apparel, books, plate, and also such sum or sums of money which may be due and owing to me at the time of my decease.

*Fifthly.*  I desire that my wife, Elizabeth Abbott Congdon, should give at her discretion some little personal remembrance to the following persons, to wit: —

To my beloved sister, Elizabeth Congdon Mason, of Providence, Rhode Island.

To my cousin, Dr. George Lewis Collins, Jr., of Providence, Rhode Island.

To my friend, Henry Hayes, son of the late Hon. Winthrop Hayes, of Providence, Rhode Island.

And I do nominate, constitute, and appoint my beloved wife

Elizabeth Abbott Congdon, to be my sole executrix of this my last will and testament, thereby revoking all former or other wills made by me at any time heretofore, and declare this to be my last will and testament.

In witness whereof, I, the said Gilbert Arnold Congdon, have to this my last will and testament set my hand.

FLORENCE, ITALY, *April* 20, 1882.

GILBERT ARNOLD CONGDON. [L. S.]

Signed and delivered by the said Gilbert Arnold Congdon, the testator, as and for his last will and testament, in the presence of us, who at his request, and in his presence and in the presence of each other, have hereunto subscribed our names as witnesses.

G. L. COLLINS, Jr., Providence, R. I. (U. S. A.).

LAURA S. COLLINS, Providence, R. I. (U. S. A.).

SPINTO BERNADI, witness, 5 Via Agostino, Florence, Italy.

The testator died childless, July 17, 1884. His widow married Antonio Greco, and died April 5, 1889, without ever having had a child.

*July* 12, 1890. DURFEE, C. J. This is a bill for instructions on the following case, to wit: Gilbert A. Congdon, late of Providence, died July 17, A. D. 1884, leaving a will dated April 20, A. D. 1882, which was admitted to probate February 3, A. D. 1885, at which time the complainant was appointed administrator with the will annexed, and qualified as such. By said will, said Gilbert devised and bequeathed all his estate, real and personal, of which he should die possessed, to his wife, Elizabeth A. Congdon, for life, and, after her death, to his child or children, if he should have any, being then childless. The third clause of the will is as follows, to wit : —

" *Thirdly.* In the event of my wife dying before me and childless, I desire that my estate, real and personal, be equally divided among the children of my respected uncle, Charles Congdon, and Anna his wife, of Staten Island, State of New York, and to their heirs and assigns forever."

The will, except a gift of furniture, plate, money, etc., to said Elizabeth absolutely, contained no other disposition than as afore-

said of the testator's estate. Said Elizabeth survived said Gilbert, and died April 5, A. D. 1889, having never had a child. No administrator has been appointed in this State on her estate, but the Provident Life and Trust Company of Philadelphia is the executor of her will, and is one of the defendants. The complainant, as administrator as aforesaid, has paid the income of said Gilbert's estate to said Elizabeth during her life, and is now ready to distribute the residue, after the settlement of his account, among the persons entitled thereto, but there are conflicting claims to it. The defendants, Elizabeth C. Mason, John H. Congdon, Samuel Congdon, and Emma C. Wood, are brothers and sister of said Gilbert of the half blood, and, as such, said Gilbert having left neither father, mother, nor other brother nor other sister, nor their descendants, claim to be his sole heirs at law and distributees, their contention being that as to said residue said Gilbert died intestate. On the other hand, the children of said Charles and Anna Congdon, to wit, the defendants, Henry M. Congdon, Emily Middlebrook, Louis Congdon, and Anna Congdon, claim that they are entitled to said residue under said third clause. And said Provident Life and Trust Company, as executor of the will of said Elizabeth, claims that it is entitled to one half of said residue, as intestate, under Pub. Stat. R. I. cap. 187, § 9, clause 1, which gives one half to the widow "if the intestate died without issue." The complainant, in view of these opposing claims, asks to be instructed how he shall make the distribution.

The main contention is between the heirs at law, who claim that said third clause is to be read naturally as it is written, and the children of Charles and Anna Congdon, who claim that it was the intention of the testator to give the estate to them after the decease of his wife, if she should die childless, and that to effectuate this intention, the word "and," in the opening words of the third clause, should be changed to "or," so that it will read, "In the event of my wife dying before me *or* childless," citing cases in which "or" has been substituted for "and," or conversely, to effectuate the supposed testamentary intent. We have no doubt that there are cases in which such a change is allowable, but it is only to be resorted to, in our opinion, in furtherance of some apparent intent, or in avoidance of some apparent inconsistency. It

will not do to suppose an intent that is not apparent, and then, because it seems reasonable, make the change to support it. *Doe* v. *Jessop*, 12 East, 288; *Grey* v. *Pearson*, 6 H. L. 61; *Harrison* v. *Bowe*, 3 Jones Eq. 478. The rule which the courts in modern times seek to follow, according to Lord Cranworth, is to adhere to the words that are found, and to give them their natural, ordinary meaning, unless it appears from the context that they were used in a different sense, or unless to do so would manifestly lead to an inconsistency not intended by the testator. 6 H. L. 77.

There is nothing in the will here that evinces any intent in favor of the children of Charles and Anna Congdon except the third clause, and the third clause, read as written, evinces such an intent only in case the testator's wife dies before him, and is childless when she dies. For the gift to take effect, the two contingencies must concur. What warrant have we, then, for holding that one of the contingencies ought to be dispensed with, and that, to effect the dispensation, " or " ought to be put for " and " in the phrase that expresses them? It is argued that the change should be made because without it there will be a partial intestacy. Doubtless, where a will contains a provision which is open to two constructions, one of which will result in a partial intestacy, while the other will avoid it, preference is to be given to that which will avoid it. But we know of no case that holds that " or " may be put for " and " in an unambiguous clause to avoid it. The most that can be said is that, where there is reason for putting " or " for " and " to effectuate the intent, there the reason is stronger, if doing so will also avoid a partial intestacy.

The principal argument for the substitution is, that if the testator wished the children of Charles and Anna Congdon to have his estate in case his wife should die before him and childless, there is no reason that can be thought of why he would not equally wish them to have it, subject to her life estate, in case she should die childless after him. We see no reason why he would not, but it does not follow that there was no reason because we do not see it. We do not know why he chose his cousins, instead of his half brothers and half sisters, as objects of his testamentary bounty. But is there need of any reason? We know that he contemplated the contingency of his wife dying childless before him, and pro-

vided for it. We do not know that he contemplated the contingency of her dying childless after him, but only that he did not in terms provide for it. Ought we not to be surer that he contemplated it, and intended to provide for it, before we change his language on the assumption that he did, and also on the further assumption that, by changing it, we are giving effect to his intention? One objection to the change is, that it presupposes not only that "and" was written when "or" was meant, but also that "before me" was inserted when no limit to the happening of the contingencies was intended. It seems to us that the testator framed the third clause with the limit in mind, and that the whole structure of the clause, as well as the words "before me," shows it. The clause follows immediately after the clauses in which he gives his estate to his wife for life and to his child or children, if he should have any, after her, disposing of the entire estate. The third clause is framed with a view to the failure of this disposition, and gives to his cousins, in case of his wife dying childless before him, all that would go to her and her children under the two previous clauses if she should survive him having a child or children. The language does not show any intention to provide for the contingency of her surviving him without children. The counsel for the heirs at law points out another objection, namely, that if "or" had been originally used instead of "and," and the testator's wife had died before him after giving birth to a child, then the third clause would in terms exclude the child, since the gift over would take effect on the happening of either contingency. Of course it would not in fact exclude him, since his exclusion would be inconsistent with the preceding clauses; but, in view of it, we cannot say that the testator did not use "and" instead of "or" with deliberate intent. The fact is, that the contingency that happened is one which is not provided for, and it does not appear that the testator intended to provide for it. It is not for the court in such a case to make the provision. The court would embark upon a sea of uncertain speculation if it undertook to do it.

Many cases have been cited on each side. The cases of *Doe* v. *Jessop*, 12 East, 288, and *Pearson* v. *Rutter*, 3 De G. M. & G. 398, and other like cases, cited for the heirs at law, appear to us to be most in point. In *Doe* v. *Jessop*, the devise was to A., a natural

son, then under age, and the heirs of his body ; and if " he die before twenty-one *and* without issue," then over to other relations. *Held*, that A. having attained twenty-one, the limitations over did not take effect, they being dependent on the happening of both events, the court refusing to read " and " as if it were " or." In *Pearson* v. *Rutter* the devise was in trust for A. and the heirs of his body, and, if he should die under twenty-one and without issue, then over. A. died *after* attaining twenty-one, without issue. The court held that the limitations over did not take effect, the double contingency not having happened, following *Doe* v. *Jessop* in preference to the earlier case of *Brownsword* v. *Edwards*, 2 Ves. 243. The decision was affirmed in the House of Lords on elaborate consideration, the case there being reported under the name of *Grey* v. *Pearson*, 6 H. L. 61. It has since been regarded as settling the law in England. The case of *Seccombe* v. *Edwards*, 28 Beav. 440, is cited to show that it has been followed under protest. But the " protest " there was not because the decision in *Grey* v. *Pearson* was incorrect in principle, but because it was a departure from precedent and tended to unsettle the law. It seems to us that there would be less justification for a change from " and " to " or " in the case at bar than there would have been in *Doe* v. *Jessop*, or in *Grey* v. *Pearson.*

The counsel for the children of Charles and Anna Congdon have suggested other and more extensive changes in the language of the third clause, which, if adopted, would allow the gift over to them to take effect. We are not convinced that we can properly adopt them. We think the gift has failed by the not happening of the double contingency on which it was to take effect, and we so decide.

The next question is as to the claim preferred in behalf of the estate of said Elizabeth. Our statute of descent and distribution, Pub. Stat. R. I. cap. 187, § 9, provides that " the surplus of any chattels or personal estate of a deceased person, not bequeathed," shall be distributed, " one half part thereof to the widow of the deceased forever, if the intestate died without issue." The personal estate in the hands of the complainant for distribution is clearly personal estate " not bequeathed," and as clearly, therefore, should go, to the extent of one half thereof, to the estate of said Elizabeth.

The case of *Nickerson* v. *Bowly*, 8 Metc. 424, is directly in point. There the testator devised and bequeathed the use of his entire estate, real and personal, to his wife during widowhood, made her the executor, and, without further disposition, died leaving no issue. The wife remained a widow, and had the use of the estate during her life. The Massachusetts statute in force when the testator died provided that, "when any person shall die possessed of any personal estate not lawfully disposed of by last will," etc., "the widow shall be entitled to one half of the residue, if there be no issue." The provision was essentially the same as ours. It was decided by the Supreme Judicial Court of Massachusetts that the widow's executor was entitled to one half the residue. It was argued, as it has been argued here, that it could not be reasonably inferred that it was the intention of the testator, after giving his entire estate to his wife for life, that she should have any part of it absolutely, and that, in the absence of all expression of his intention, it should be construed as a gift to his heirs by implication. But, answered the court, the intention of the testator is to govern so far only as he has communicated it *by his will*, either in terms or by implication; but if he has left *intestate* estate, the disposition of it is governed, not by his will, but by the statute, the same as if he had made no will. The answer is in our opinion conclusive.

We instruct the complainant that the estate in his hands, as administrator on the estate of Gilbert Congdon with the will annexed, is distributable, one half to said Elizabeth's estate, the other half to said Gilbert's heirs at law.

*James Tillinghast & Edward K. Glezen*, for complainant and for the brothers and sisters of the testator.

*Thomas C. Greene & Joseph C. Ely*, for the children of Charles and Anna Congdon.

*William P. Sheffield*, for the Provident Life and Trust Company, executor.